IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

COUNTRY MUTUAL INS. CO., an Illinois )
corporation, as Subrogee of YING CAO and )
LAURA LAM, )
                                                         Plaintiff, )
    vs. )
WESLEY NAATZ, an Individual, )
                                               Defendant. ) No. 3:24-cv-0283-HRH
_____)

O R D E R

Motion for Summary Judgment

Defendant Naatz moves for summary judgment.[1] The motion is opposed by plaintiff, Country Mutual Insurance Company.[2] Defendant has replied.[3] Oral argument has not been requested and is not deemed necessary.

Plaintiff commenced this case with the filing of a complaint for damages[4] filed in the superior court for the State of Alaska at Anchorage. Defendant removed the case to federal court pursuant to 28 U.S.C. § 1441(b) based upon diversity of citizenship.[5] The

---

[1]Docket No. 15.

[2]Docket No. 16.

[3]Docket No. 18.

[4]Docket No. 1-1.

[5]Docket No. 1.

ORDER – Motion for Summary Judgment                                                          - 1 -

removal is not contested, and defendant filed his answer in due course.[6] In addition to denying plaintiff's complaint for damages, defendant asserts as an affirmative defense that: "[p]laintiff's complaint fails as a matter of law by attempting subrogation against its own implied additional insured under the policy."[7] As the insurer of an apartment building in which defendant was a tenant, plaintiff paid a large fire loss claim made by defendant's landlord. Plaintiff, as subrogee of the landlord, seeks damages from defendant.

Defendant's affirmative defense is the basis for defendant's motion for summary judgment. The motion for summary judgment raises the question of whether or not a building tenant is a co-insured under the apartment building owner's fire insurance policy.

Standard of Review

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to show that there is an absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

In deciding a motion for summary judgment, the court views the evidence of the non-movant in the light most favorable to that party, and all justifiable inferences are also to be drawn in its favor. Id. at 255. "[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed

---

[6]Docket No. 9.

[7]Id. at 3.

ORDER – Motion for Summary Judgment - 2 -

background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." Arandell Corp. v. Centerpoint Energy Servs., Inc., 900 F.3d 623, 628-29 (9th Cir. 2018) (quoting T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987)).

Facts

Ying Cao and Laura Lam own the six-unit apartment building which is the subject of this litigation. A fire occurred in the building on August 13, 2022. The fire occurred during the term of a fire insurance policy issued by plaintiff. After investigating the fire, plaintiff paid the property owners in excess of $900,000 for remediation and repair of damage caused by the fire.

Defendant occupied Unit 6 of the building under a written lease which was in effect on August 13, 2022. After investigating the fire, plaintiff concluded that the fire occurred at defendant's Unit 6.

For purposes of defendant's motion for summary judgment, defendant assumes that the fire began due to his negligence.[8]

The residential lease agreement[9] is attached to defendant's motion for summary judgment. Several provisions of the lease are relevant to the dispute between the parties.

First, paragraph 8.f of the lease provides that: "[t]enant will comply with the following occupancy guidelines:"

> f. Not deliberately or negligently destroy, deface, damage, impair, or remove any part of the premises or knowingly permit any person to do so. Tenants will maintain and inspect all fire extinguishers on the property periodically to ensure good

---

[8]Docket No. 15 at 2.

[9]Docket No. 15-2.

ORDER – Motion for Summary Judgment - 3 -

Case 3:24-cv-00283-HRH   Document 19   Filed 05/27/25   Page 3 of 8

working order and replace said extinguishers if utilized for any reason.[10]

Second, paragraph 8.i of the lease further provides that tenant will "[a]ssure that property belonging to Landlord is safeguarded against damage, destruction, loss, removal, or theft."[11]

Third, paragraph 8.k of the lease provides that tenant will "[c]omply with all provisions of this Agreement, particularly with respect to paying the rent on time and caring for the property."[12]

Fourth, paragraph 13 provides in pertinent part: "It is required that Tenant secure a renter's insurance policy covering loss or damage to contents and liability within 30 days of signed agreement."[13] This provision of the lease has nothing to do with plaintiff's possible subrogation rights. Rather, this paragraph of the lease has to do with insulating the landlord – the building owner – from liability to the tenant.

Fifth, paragraph 21 of the lease requires that the tenant: "reimburse Landlord for all actual and reasonable expenses incurred by way of Tenant's violation of any term or provision of this lease[.]"[14]

---

[10]Id. at 1. The lease agreement sometimes refers to the apartment building as "the property," sometimes as "the building," and sometimes as "the premises."

[11]Id. at 2.

[12]Id.

[13]Id.

[14]Id. at 3.

ORDER – Motion for Summary Judgment - 4 -

Sixth, paragraph 23 of the lease obligates the tenant: "not to permit any damage to the premises during the period of this agreement to woodwork, floors, carpeting, [etc.]."[15]

The lease contains no express provision with respect to fire insurance for the leased premises or the building as a whole. The lease contains no provision addressing tenant liability for a subrogation claim by the building owners' insurance carrier.

## Discussion

Subrogation is an equitable right available in certain circumstances to insurers such as plaintiff. Alaska Ins. Co. v. RCA Alaska Commc'n, Inc., 623 P.2d 1216, 1217 (Alaska 1981).

This being a diversity case, Alaska law governs lease and insurance policy provisions. See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co., 546 F.3d 1142, 1145 (9th Cir. 2008). There are no disagreements with respect to interpretation of the insurance policy issued by plaintiff. The parties disagree as to the effect of some of the terms of the lease.

With defendant's concession that he be treated as having been negligent with respect to the fire in question, there are no material facts in dispute in this case. There is no admissible evidence before the court as to the intention or understanding on the part of the parties as to whether or not the foregoing lease provisions were intended to address tenant liability for damages to premises other than Unit 6.

The court will determine the motion for summary judgment on the basis of state law, including Alaska Ins. Co. v. RCA Alaska Communications, Inc., 623 P.2d 1216 (Alaska 1981) (herein "RCA"), in which the Alaska Supreme Court addressed the question of whether or not tenants should be held liable for subrogation claims brought by

---

[15]Id.

ORDER – Motion for Summary Judgment - 5 -

their landlord's insurer. Both plaintiff and defendant discuss RCA at considerable length. They disagree as to the effect of RCA on the facts of this case. Plaintiff relies upon the lease terms set out above in support of its argument that its subrogation claim based upon the $900,000 loss should survive the motion for summary judgment. Defendant argues otherwise. Defendant contends that RCA expressly bars plaintiff's subrogation claim. As discussed below, RCA is dispositive of the motion for summary judgment.

    RCA is important in two respects. First, the Alaska Supreme Court rendered a policy decision, holding that: "We believe that in a situation of this type it would be undesirable as a matter of public policy to permit the risk of loss from a fire negligently caused by a tenant to fall upon the tenant rather than the landlord's insurer." RCA, 623 P.2d at 1219.

    Second, like this case, the lease in RCA contained redelivery and indemnity covenants. The supreme court struggled with the question of whether it should give primacy to the redelivery (II.b.) and indemnity (II.c.) covenants of the lessee, or to the insurance clause of III.c., pursuant to which the lessor obtained insurance covering damage to the leased premises caused by fire. The supreme court resolved this tension, observing that "[i]n our view, the redelivery and indemnity provisions relied on by [plaintiff insurance company], when read in conjunction with the insurance clause of III.c., fail to clearly establish RCA's liability for fire damage caused by its own negligence." Id.

    The supreme court concluded its foregoing discussion by agreeing with the court in Sutton v. Jondahl, 532 P.2d 478 (Okl. App. 1975), and quoting from that case as follows:

> Basic equity and fundamental justice upon which the equitable doctrine of subrogation is established require that <u>when fire insurance is provided</u> for a dwelling it protects the insurable interests of all joint owners including the possessory interests of a tenant <u>absent an express agreement by the latter to the contrary</u>. The company affording such coverage should not be allowed to shift a fire loss to an occupying tenant even if the latter negligently caused it.

RCA, 623 P.2d at 1220-21 (quoting Sutton, 532 P.2d at 482) (emphasis added). In RCA, the lease required that the landlord obtain fire insurance. But in its lease, RCA as tenant did not expressly give up its status as a co-insured holder of a possessory interest in the insured property. In this case, fire insurance was obtained by defendant's landlord. Absent from the lease in this case is any express agreement that would have the effect of saving plaintiff's subrogation claim.

Perhaps recognizing that there might be disagreements as to the meaning of the phrase "express agreement" appearing in the above-quoted language from Sutton, the court in RCA expressly held that:

> Therefore, we hold that if the landlord in a commercial lease covenants to maintain fire insurance on the leased premises, and the lease does not otherwise clearly establish the tenant's liability for fire loss caused by its own negligence, by <u>reserving to the landlord's insurer</u> the right to subrogate against the tenant, the tenant is, for the limited purpose of defeating the insurer's subrogation claim, an implied co-insured of its landlord.

RCA, 623 P.2d at 1220 (emphasis added). Here, the lease between defendant and his landlord did "not otherwise clearly establish the tenant's liability for fire loss caused by its [the tenant's] own negligence." The lease in question does not "reserve to the landlord's insurer the right to subrogate against the tenant."

In this case and for purposes of defendant's motion for summary judgment, defendant negligently caused a fire in a multi-unit apartment building which plaintiff

ORDER – Motion for Summary Judgment - 7 -

insured. As insurer of the building in which defendant was a tenant, plaintiff seeks to recover by subrogation from defendant the value of the fire loss which plaintiff paid to the building owner. Plaintiff would have the fire loss fall on the tenant rather than the insured landlord.

Here, the landlord obtained fire insurance at its expense and surely the landlord included in defendant's rent a prorated portion of the cost of insurance as a matter of ordinary, customary economics.

The lease which defendant executed contained covenants proscribing negligent damage to the leased premises (lease paragraph 8.f) and requiring that defendant reimburse his landlord for expenses occasioned by violations of lease terms (lease paragraph 21). But the Alaska Supreme Court policy adopted in RCA trumps these covenants as a matter of equity. Defendant's lease for Unit 6 did not contain a covenant "reserving to the landlord's insurer the right to subrogate against the tenant." RCA, 623 P.2d at 1220. The court concludes that defendant was a co-insured of the plaintiff landlord and, as such, plaintiff is barred from seeking subrogation from the defendant.

## Conclusion

Defendant's motion for summary judgment is granted. Plaintiff's complaint is dismissed.

DATED at Anchorage, Alaska, this 27th day of May, 2025.

/s/   H. Russel Holland
United States District Judge