WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COUNTRY MUTUAL INS. CO., an Illinois corporation, as Subrogee of YING CAO and LAURA LAM,<br><br>                           Plaintiff,<br><br>vs.<br><br>WESLEY NAATZ, an Individual,<br><br>                           Defendant. | No. 3:24-cv-0283-HRH |

O R D E R

Motion for Relief from Order[1]

Plaintiff moves for relief from this court's order of May 27, 2025, granting defendant's motion for summary judgment.[2] The motion is opposed.[3] Oral argument has been requested but is not deemed necessary or appropriate given the procedural posture of this case.

Plaintiff makes the instant motion on the basis of Rule 59(e) and 60(b)(6), Federal Rules of Civil Procedure. Rule 59(e) makes provision for the alteration or amendment of

---

[1]Docket No. 21.

[2]Docket No. 19.

[3]Docket No. 23.

ORDER – Motion for Relief from Order      - 1 -

judgments. Rule 60(b) makes provision for relief from a final judgment, order, or proceeding.

Inasmuch as there has been no judgment entered in this case, Rule 59(e) is not the correct procedural vehicle for plaintiff to seek alteration or amendment of this court's order granting summary judgment. Rule 60(b) – which includes subsection (b)(6) – provides a basis for a motion for relief from this court's order of May 27, 2025.

Plaintiff argues that the court made an impermissible finding of fact: that defendant's rent included a prorated share of the cost of insurance. The court made no such finding. Rather, the court was basing its decision on, among other things, Sutton v. Jondahl, 532 P.2d 478, 482 (Okla. App. 1975), in which the Oklahoma court recognized that as a general, sound business practice, a landlord has to consider the cost of insurance in establishing a rental rate. That approach neither violates the summary judgment rule (Fed. R. Civ. P. 56), nor does it impose on landlords an inequitable proposition.

As a second ground for relief, plaintiff argues that the court recognized but failed to implement the lack of an express provision with respect to the cost of fire insurance in defendant's lease. Plaintiff argues that the absence of a showing that the landlord had a duty under the lease to insure the premises in question is fatal to defendant's motion for summary judgment. Not so. This court has held that: "[a]bsent an express provision in the lease establishing the tenant's liability for loss from negligently started fires," subrogation is not permitted under Alaska Ins. Co. v. RCA Alaska Communications, Inc., 623 P.2d 1216, 1218 (Alaska 1981) (emphasis added).

Plaintiff's motion for relief from judgment has established no error of fact or law on the part of the court. Plaintiff's arguments are essentially a repetition of arguments

ORDER – Motion for Relief from Order - 2 -

made and considered by the court in rendering its order on defendant's motion for summary judgment.

Plaintiff's motion for relief from judgment is denied.

DATED at Anchorage, Alaska, this  30th  day of June, 2025.

/s/  H. Russel Holland<br>United States District Judge